IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                           Crim. No. 17-20344-JPM

DIMITAR PETLECHKOV,

    Defendant.

## **PRELIMINARY ORDER OF FORFEITURE**

In Indictment Number 17-20344-JPM, the United States sought forfeiture of specific property of defendant DIMITAR PETLECHKOV pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461. On April 5, 2018, the defendant was convicted following a jury trial of Counts 1-20 of the indictment, which charged him with mail fraud, in violation of 18 U.S.C. §1341. That conviction was subsequently modified by the Sixth Circuit on appeal, which vacated the defendant's conviction on all but Counts 6, 13, and 19. The defendant was re-sentenced on those counts on July 8, 2020 to a sentence which included criminal forfeiture.

Accordingly, it is **ORDERED**:

    1.    Based upon the defendant's conviction on Counts 6, 13, and 19 of Indictment Number 17-20344-JPM, the United States is authorized to seize the following property ("the Subject Property") belonging to defendant DIMITAR PETLECHKOV, and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32(d)(2) of the Federal Rules of Criminal Procedure:

      a.    **Money Judgment**: A personal money judgment in the amount of three hundred sixty-seven thousand ninety-nine dollars sixty-two cents in U.S. funds ($367,099.62).

      b.    **Substitute Assets**: If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to 21 U.S.C. §853(p) as incorporated by 18 U.S.C. §982(b), shall be entitled to forfeiture of any other property of said defendant up to the value of the forfeitable property described above. Such property includes, but is not limited to the following, which the United States is authorized to seize:

      1)    One Parcel of Real Property Located at 264 19th St NW, Unit 2312, Atlanta, Georgia, with All Appurtenances and Improvements Thereon;

      2)    One Parcel of Real Property Located at 3324 Peachtree Rd, Unit 2908, Atlanta, Georgia, with All Appurtenances and Improvements Thereon; and,

      3)    One Parcel of Real Property Located at 3324 Peachtree Rd, Unit 2515, Atlanta, Georgia, with All Appurtenances and Improvements Thereon.

2.    The forfeited property is to be held by the United States Marshal in his secure custody, or, as may be necessary, the Attorney General may appoint a substitute custodian.

3.    Pursuant to 21 U.S.C. §853(n)(1), the government shall publish for thirty (30) consecutive days on the internet at www.forfeiture.gov, notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General or his delegate may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice

shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    4.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is final as to the defendant as of the date of his re-sentencing and has been made part of the sentence and included in the judgment.

    5.    If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    6.    The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. §853(n)(2), which is incorporated by 18 U.S.C. §982(b) and 28 U.S.C. §2461(c), for the filing of third party petitions.

    7.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 9th day of July, 2020.

                                              s/Jon P. McCalla
                                              JON P. MCCALLA
                                              UNITED STATES DISTRICT JUDGE

APPROVED:

D. MICHAEL DUNAVANT
United States Attorney


By: /s Christopher E. Cotten
CHRISTOPHER E. COTTEN
Assistant United States Attorney